```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - x
THE UNITED STATES OF AMERICA,
                                    Criminal Action No.
            Plaintiff,              16-CR-00229
                                    February 21, 2020
vs.                                 3:28 p.m.

RUBEN OSEGUERA-GONZALEZ,

            Defendant.
- - - - - - - - - - - - - - - - x

_____

TRANSCRIPT OF INITIAL APPEARANCE ON ARREST WARRANT/ARRAIGNMENT
       HELD BEFORE THE HONORABLE G. MICHAEL HARVEY
                UNITED STATES MAGISTRATE JUDGE
_____


APPEARANCES:


For the United States:   BRETT CLARENCE REYNOLDS, AUSA
                         DOJ-NSD
                         Criminal Division, Narcotic
                           and Dangerous Drug Section
                         950 Pennsylvania Avenue NW
                         Washington, D.C. 20530
                         202.598.2950

For the Defendant:       CARLOS VANEGAS, ESQ.
                         Office of the Federal Defender for DC
                         625 Indiana Avenue, N.W.
                         Washington, D.C. 20004
                         202.208.7500



             Kathleen Silva, RPR, CRR
         E-mail: kathysilva@verizon.net

    Digitally recorded and stenographically transcribed
```

P R O C E E D I N G S

THE COURTROOM DEPUTY: The is case year 2016-CR-229, the United States of America v. Ruben Oseguera-Gonzalez. This is scheduled to be an initial appearance on an arrest warrant and then an arraignment.

Will the parties please introduce themselves to the Court, beginning with the government.

MR. REYNOLDS: Good afternoon, Your Honor. Brett Reynolds, trial attorney, DOJ Criminal Division on behalf of the government.

THE COURT: Good afternoon.

MR. VANEGAS: Good afternoon, Your Honor. Carlos Vanegas on behalf of Mr. Ruben Oseguera-Gonzalez.

THE COURT: Good afternoon.

TERESA ROMAN, Interpreter, sworn

THE COURTROOM DEPUTY: Will the defendant, Mr. Oseguera-Gonzalez, please stand and raise your right hand.

RUBEN OSEGUERA-GONZALEZ, sworn

THE DEFENDANT: I do.

THE COURT: Sir, can you please state your name for the record.

THE DEFENDANT: Ruben Oseguera-Gonzalez.

THE COURT: How old are you?

THE DEFENDANT: Thirty.

```
1           THE COURT:  How far did you get in school?
2           THE DEFENDANT:  Secondary education.
3           THE COURT:  Have you taken any drugs, alcohol or
4  medicine in the past 24 hours that would make it difficult
5  for you to understand what's happening here today?
6           THE DEFENDANT:  No.
7           THE COURT:  Sir, you are here for purposes of an
8  initial appearance.
9           And are we doing an arraignment today as well?
10          MR. VANEGAS:  Yes, Your Honor.
11          THE COURT:  And an arraignment on a superseding
12 indictment.  I'm going tell you the charges that you
13 presently face, the consequence if you're found guilt of
14 those charges.
15          I'll make sure you understand your rights.  I'll
16 appoint you an attorney, if that's what you wish the Court to
17 do, and if you're eligible, then we're going to have a
18 discussion about whether or not you're going to be released
19 here today and, if so, on what conditions.  Do you understand
20 that?
21          THE DEFENDANT:  Yes.
22          THE COURT:  Sir, you're here because you've been
23 charged by indictment with two federal charges.  The first is
24 conspiracy to distribute five kilograms or more of cocaine
25 and 500 grams or more of methamphetamine knowing and
```

1     intending that those drugs would be imported into the United
2     States in violation of 21 USC Sections 959(a), 960 and 963.
3     If you're found guilty of that charge, you would face not
4     less than ten years and up to life in jail, so there's a
5     ten-year mandatory minimum with that charge, a 10-million-
6     dollar fine or both.
7              You're also charged with use and possession of a
8     firearm, including a firearm in furtherance of a drug
9     trafficking offense, in violation of 18 USC 924(c)(1)(A)(i)
10    and (ii).  If you're found guilty of that charge, you would
11    face not less than five years in jail and that would be in
12    addition to any other penalty you might face as a result of
13    the other crimes charged in the indictment.
14             There's also a forfeiture allegation.  Your
15    attorney can explain to you in more detail what that means.
16    But essentially the government wants to seize and forever
17    keep all property and proceeds -- all property constituted or
18    derived from any proceeds that you obtained, directly or
19    indirectly, as a result of that narcotics trafficking offense
20    that you've been charged with.
21             Sir, you have certain rights at this point.  You
22    have the right to remain silent.  Anything you say can be
23    used against you.  Do you understand that right?
24             THE DEFENDANT:  Yes.
25             THE COURT:  You also have the right to an attorney.

```
 1    If you can't afford to hire your own attorney, the Court will
 2    appoint an attorney to represent you free of charge if you're
 3    eligible.  Do you understand that right?
 4              THE DEFENDANT:  Yes.
 5              THE COURT:  Sir, do you want to hire an attorney
 6    with your own money or would you like the Court to appoint an
 7    attorney to represent you?
 8              THE DEFENDANT:  At the moment I don't know because
 9    I haven't spoken to my family.
10              THE COURT:  Mr. Vanegas.
11              MR. VANEGAS:  Yes, Your Honor.  I have spoken to
12    the family and it appears that they will hire an attorney.  I
13    think they're doing that just as we're in court today.
14              So I think for the purposes of this hearing, if the
15    Court at least would allow me to represent Mr. Oseguera-
16    Gonzalez.
17              Additionally, the Federal Public Defender does have
18    a conflict, but I think that for the purpose of this
19    arraignment, this hearing, we can go forward.  I do have an
20    actual affidavit that just needs to be signed and I can
21    submit it to the Court.
22              THE COURT:  Okay.
23              MR. VANEGAS:  However, the information that's
24    included in there I would say that at this point is not
25    completely accurate, and I think that by the next hearing we
```

```
 1    can -- well, the status is that Mr. Oseguera-Gonzalez has --
 2    was extradited.  He's been in custody.  So he hasn't been
 3    employed for a while.  Regarding the status of his finances,
 4    that's something that only his family can provide, and at
 5    this point I don't have that information.  That's why I'm
 6    saying --
 7              THE COURT:  Okay.
 8              MR. VANEGAS:  -- that that later on could be
 9    supplemented.
10              THE COURT:  All right.  Yes.
11              (Interruption.)
12              THE COURT:  All right.  Well, we're going to have
13    to get that worked out by the next date.
14              Sir, it sounds like your family is trying to make
15    arrangements to hire you an attorney.  Mr. Vanegas is with
16    the Federal Public Defender.  Do you consent to him just
17    representing you for purposes of this initial proceeding in
18    this case?  The other alternative is we put this off for a
19    few days until you get an attorney.  It's your choice,
20    whatever you want to do.
21              THE DEFENDANT:  May I speak to him, Your Honor?
22              THE COURT:  Sure.  Do you want to talk to him?  Why
23    don't you speak to Mr. Vanegas.
24              (Discussion held off the record.)
25              MR. VANEGAS:  Thank you, Your Honor.  We can
```

```
 1    proceed with the arraignment.
 2              THE COURT:  Okay.  You consent to Mr. Vanegas
 3    representing you just for purposes of this proceeding here
 4    today, sir?
 5              THE DEFENDANT:  Yes, Your Honor.
 6              THE COURT:  All right then.
 7              Has he had an opportunity to review the indictment
 8    in this case, Mr. Vanegas?
 9              MR. VANEGAS:  Yes, Your Honor.  I did receive an
10    extra copy from the deputy clerk and we did review the
11    indictment both in English and in Spanish.
12              THE COURT:  Just come forward and stand next to
13    Mr. Vanegas for purposes of your arraignment.
14              Sir, now is the time for your arraignment.  It's a
15    short, but it's an important proceeding, where you will be
16    formally notified of the charges brought against you by the
17    United States.  You'll have an opportunity to enter a plea of
18    either guilty or not guilty.  But you don't need to say
19    anything.  Mr. Vanegas will do all the talking.  All right?
20              THE DEFENDANT:  Yes.
21              THE COURT:  Mr. Vanegas, the defendant, having had
22    an opportunity to review the indictment in this case and
23    being told by this court the charges that he presently faces
24    and the consequences if he's found guilty of those charges,
25    does he waive formal reading and how does he plead, guilty or
```

1   not guilty?
2   　　　　　MR. VANEGAS:  Yes, Your Honor, on behalf of
3   Mr. Oseguera-Gonzalez we enter a plea --  first, we waive
4   formal reading of the indictment and enter a plea of not
5   guilty to all the counts charged in the indictment and assert
6   all of his constitutional rights and his rights to a speedy
7   public trial.
8   　　　　　THE COURT:  All right.  Then, sir, I will put in a
9   plea of not guilty on your behalf in the record of this case
10  to both counts in the indictment.
11  　　　　　You can have a seat.
12  　　　　　For the parties' information, this case has been
13  assigned to Chief Judge Howell.  She's scheduled a status
14  hearing for Friday, February 28, at 9:30 a.m.  Friday,
15  February 28, at 9:30 a.m. will be your first status hearing
16  in this case before the district judge, Chief Judge Howell.
17  　　　　　Does the government have any requests with respect
18  to this defendant's release here today?
19  　　　　　MR. REYNOLDS:  Yes, Your Honor.  Thank you.  The
20  government is seeking detention for this defendant.  As Your
21  Honor knows, the defendant is charged with one Controlled
22  Substances Act count of international distribution or
23  international conspiracy to distribute methamphetamine and
24  cocaine, which carries a mandatory minimum of ten years and a
25  statutory maximum of life.  The second count is a 924(c) for

```
 1   possession of firearms in furtherance of drug trafficking.
 2              Both the Control Substances Act count and the
 3   924(c) are presumption counts pursuant to 3142(e)(3).
 4   Additionally, Your Honor, this defendant presents a serious
 5   risk of flight under 3142(f)(2).  I can give Your Honor a
 6   brief factual proffer on that.
 7              This defendant was extradited to the United States
 8   last night from Mexico.  Although our understanding is that
 9   he is a dual U.S./Mexican citizen, law enforcement
10   investigation has indicated no substantial current ties to
11   the United States.
12              A DEA investigation into this defendant has shown
13   that he is a high ranking member of the Cartel de Jalisco
14   Nueva Generación, or New Generation Cartel Jalisco, CJNG.
15   It's one of the largest and most dangerous drug cartels
16   operating in Mexico according to the DEA.
17              The defendant in particular is the son of the
18   founder and the leader of that cartel, Nemesio Ruben Oseguera
19   Cervantes, known as Mencho, who is one of the most powerful
20   drug kingpins in Mexico.
21              The drug quantity that the DEA investigation can
22   attribute to the defendant's conspiracy is substantial and
23   would justify a serious sentence giving the defendant a
24   motive to want to flee justice.  And because of his high rank
25   in the cartel's leadership structure and his links to the
```

1    cartel's vast resources, the defendant would have the means
2    to flee given the opportunity.
3              For these reasons, Your Honor, the government
4    submits that no condition of release would reasonably assure
5    the defendant's appearance before the Court.  So the
6    government submits that pretrial detention is warranted under
7    the Bail Reform Act.
8              THE COURT:  Okay.  Thank you.
9              Mr. Vanegas.
10             MR. VANEGAS:  Your Honor, for now we can schedule
11   the detention hearing on Wednesday afternoon and then new
12   counsel will appear and he or she can take up that matter.
13             THE COURT:  Sure.  Okay.  We'll schedule a
14   detention hearing in this case for next Wednesday.  That will
15   be February the 26th at 1:45 back here in this courtroom.
16   Wednesday, February 26 at 1:45.
17             Government, you indicated this defendant is a
18   citizen of Mexico.  Have you provided him with consular
19   notification rights?
20             MR. REYNOLDS:  Yes, Your Honor, we have provided a
21   consular notification letter to defense counsel.  We have not
22   received any indication that the defendant wishes for us to
23   pursue consular notification on his behalf.
24             THE COURT:  Okay.
25             Mr. Vanegas, has he received that form?

1     MR. VANEGAS:  He does have that form, Your Honor.
2  I would just note that the Mexican government is aware of his
3  presence here because the extradition was approved by the
4  Mexican government.  But I will provide him with the form and
5  we reserve the right to, in the future, seek in court --
6     THE COURT:  He's not requesting notification of a
7  Mexican consular official at this time; is that correct?
8     MR. VANEGAS:  That's correct.  I'll just confirm
9  that.
10     THE COURT:  Okay.
11     (Discussion held off the record.)
12     MR. VANEGAS:  Thank you, Your Honor.  For right now
13  consular notification is not necessary and we reserve the
14  right.
15     THE COURT:  Okay.  All right then.  Any further
16  requests from the government?  Anything more we can do here
17  today?
18     MR. REYNOLDS:  Your Honor, the final thing would be
19  that the government submits that the time between now and
20  Wednesday would be excludable given that part of the reason
21  for the delay expressed by Mr. Vanegas is for the defendant
22  to seek substitute counsel.  So under 3161(h)(7)(A) the ends
23  of justice would be served by excluding the time between now
24  and Wednesday for the continued detention hearing.
25     THE COURT:  I think it's automatically excluded

1     because the defense request is pending.
2             But Mr. Vanegas, do you want to be heard on that?
3             MR. VANEGAS:  No, Your Honor.  That's fine.
4             THE COURT:  All right.  I think it's excluded by
5     action of the motion that's pending.
6             MR. REYNOLDS:  Thank you, Your Honor.
7             THE COURT:  So, sir, we'll see you back here on
8     Wednesday.  The government is seeking to have you held
9     pending trial in this case.  I'm not going to make that
10    decision here today.  I'll make that decision on Wednesday at
11    the detention hearing, where hopefully your counsel will be
12    here.  You'll have an opportunity at that hearing to make
13    whatever argument you want to make, submit whatever evidence
14    you want to submit as to why you should be released and what
15    your conditions of release should be.  I'll make my decision
16    then.  You're going to be held between now and then.  We'll
17    see you back here on Wednesday at 1:45.
18            The parties are excused.
19            MR. REYNOLDS:  Thank you, Your Honor.
20            MR. VANEGAS:  Thank you, Your Honor.
21                  (Whereupon the hearing was
22                     concluded at 3:45 p.m.)
23
24
25

**CERTIFICATE OF TRANSCRIBER**

I, Kathleen Silva, RPR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript transcribed from the audio recording and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 14th day of August, 2023.

/s/Kathleen Silva, RPR, CRR

Kathleen Silva, RPR, CRR