UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 16-CR-229-BAH** |
| v. | : | |
| **RUBEN OSEGUERA-GONZALEZ,** | : | |
| **Defendant.** | : | |

## OBJECTION TO NINTH CIRCUIT MULTIPLE CONSPIRACIES INSTRUCTION

The defendant has asked this Court to instruct the jury using the pattern multiple conspiracies instruction from the Ninth Circuit. Dkt. 161 at 76. The United States objects. To begin, the government does not expect that the evidence will support the existence of multiple conspiracies. But that determination should be made at the charge conference after all the evidence has been presented. If the Court were to find that a multiple conspiracies instruction is appropriate, the Court should instruct the jury using the language approved by the D.C. Circuit in *United States v. Gantt*, 617 F.2d 831 (D.C. Cir. 1980).[1]

D.C. Circuit caselaw is clear, if the evidence admitted at trial supports the existence of multiple conspiracies, the Court should instruct the jury accordingly. *United States v. Graham*, 83 F.3d 1466, 1472 (D.C. Cir. 1996) (citing *United States v. Tarantino*, 846 F.2d 1384, 1400 (D.C. Cir. 1988)). In *Gantt*, the D.C. Circuit considered whether a cross-country drug operation constituted one or more

---

[1] *Gantt* was abrogated on other grounds by *In Re Sealed Case*, 99 F.3d 1175, 1178 (D.C. Cir. 1996).

1

conspiracies. In finding one conspiracy, the court noted that the "activities of each member and group in the organization meshed with those of the other members and groups." 617 F.2d at 846. The court thus found that the conspirators in California and the conspirators in Washington, D.C., were all working together "to procure drugs and dispense them in the District of Columbia." *Id.* In reaching this conclusion, the court differentiated wheel-type conspiracies from chain-type conspiracies.

Then in *Tarantino*, the D.C. Circuit cited *Gantt* and explained the difference between chain and wheel conspiracies. "Under the chain analysis, the government need not prove a direct connection between all the conspirators. A single conspiracy may be established when each conspirator knows of the existence of the larger conspiracy and the necessity for other participants, even if he is ignorant of their precise identities." 846 F.2d at 1392. But the chain metaphor "is only an aid in answering the ultimate question: whether a single conspiracy was demonstrated. A single conspiracy is proven if the evidence establishes that each conspirator had the specific intent to further the common unlawful objective." *Id.* Contrast that with a wheel conspiracy, "in which the interest of each spoke is unrelated to the interests of the other spokes" and thus there may be no "rim to enclose the spokes." *Id.*

The D.C. Circuit directed this Court to "consider three factors to determine whether the evidence supports a conclusion that the defendant[] belonged to a single conspiracy: whether the alleged participants had (1) a common goal, (2) interdependence, and (3) overlap, 'such as the presence of core participants linked to all the defendants.'" *United States v. Bostick*, 791 F.3d 127, 137–38 (D.C. Cir. 2015),

judgment entered, 839 F. App'x 556 (D.C. Cir. 2021) (quoting *United States v. Gatling*, 96 F.3d 1511, 1520 (D.C. Cir. 1996)).

In *Gantt*, the D.C. Circuit held that the district court correctly "instructed the jury that each defendant could be convicted only if he was found to be a member of the particular conspiracy charged in the indictment; that if a defendant was found to be a member of another conspiracy, not the one charged in the indictment, he must be acquitted." 617 F.2d at 846. Then in *Tarantino*, the D.C. Circuit cited *Gantt* as authority for approving a "substantially similar instruction." 846 F.2d at 1400. Therefore, if the evidence requires a multiple-conspiracies instruction, the Court should insert the following paragraph, which follows the language in *Gantt*, at the end of Proposed Instruction No. 42, Doc. 161 at 67:

> You may find the defendant guilty only if you find that he was a member of the particular conspiracy charged in Count One. If you find that the defendant was only a member of another conspiracy, not the one charged in Count One, you must find the defendant not guilty.

*See Gantt*, 617 F.2d 831, 846.

The defendant's proposed instruction has not been approved for use in the D.C. Circuit, is confusing, and adds elements to the offense. To begin, the defendant has cited no legal authority approving the Ninth Circuit pattern jury instruction in this circuit—or any other circuit. Dkt. 161 at 76. Next, the instruction confusingly and incorrectly directs the jury to make findings in addition to the elements, including "who at least some of the members were." *Id.*

In contrast, the language approved by the D.C. Circuit does not suffer from these same problems. First—and most importantly—it is approved for use in this

3

circuit. Second, the D.C. Circuit language reinforces—but does not add to—the elements of the offense. Put another way, the instruction directs the jury to consider whether the defendant was "a member of the particular conspiracy charged" in Count One rather than asking the jury to find "who at least some of [the conspiracy's] members were." And importantly, the D.C. Circuit instruction protects the defendant from being found guilty for a criminal conspiracy with which he was not charged.

Accordingly, if the evidence demands a multi-conspiracy instruction, the Court should use the language approved by the D.C. Circuit. But the Court should not make that determination until after the evidence has been presented.

Respectfully Submitted,

MARLON COBAR
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By:   */s/ Jonathan R. Hornok*
Jonathan R. Hornok
Kate Naseef
Trial Attorneys
Kaitlin Sahni
Acting Deputy Chief
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice
Washington, D.C. 20530
Telephone: (202) 514-0917

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing (ECF) system with the United States District Court for the District of Columbia to counsel of record for the defendant, this 21st day of August 2024.

By: /s/ *Jonathan R. Hornok*
Jonathan R. Hornok
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice